KENNETH E. KELLER (SBN 71450) kkeller@kksrr.com
ANNE E. KEARNS (SBN: 183336) akearns@kksrr.com
KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
114 Sansome Street, Suite 400
San Francisco, California 94104-3839
Telephone:      (415) 249-8330
Facsimile:       (415) 249-8333

STEPHEN M. GAFFIGAN (*Pro Hac Vice*) stephen@smgpa.net
STEPHEN M. GAFFIGAN, P.A.
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone:      (954) 767-4819
Facsimile:       (954) 767-4821

Attorneys for Plaintiff CHANEL, INC.

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEL, INC.,<br>a New York corporation,<br><br>        Plaintiff,<br><br>v.<br><br>XIUYIN LIN, SHIGUAN WANG, and<br>ZHONGXIOUBIN, individually and<br>jointly a/k/a JOEY VAN a/k/a KEVIN<br>NAKAMURA a/k/a KEVIN NORTHROP<br>and DOES 1-10,<br><br>        Defendants. | Case No. CV 09 4996 JCS<br><br>***EX PARTE* APPLICATION FOR ORDER<br>AUTHORIZING ALTERNATE<br>SERVICE OF PROCESS ON<br>DEFENDANTS PURSUANT TO<br>FEDERAL RULE OF CIVIL<br>PROCEDURE 4(f)(3); MEMORANDUM<br>OF POINTS AND AUTHORITIES IN<br>SUPPORT THEREOF**<br><br>[Filed concurrently with the<br>Declarations of Stephen M. Gaffigan,<br>Huang Yu Ting, and Robert Holmes, and<br>[Proposed] Order] |

### *EX PARTE* APPLICATION

Plaintiff Chanel, Inc., ("Chanel" or "Plaintiff") seeks an order authorizing service of the Summons and Complaint in this matter upon Defendants Xiuyin Lin, Shiguan Wang, and Zhongxioubin, individually and jointly a/k/a Joey Van a/k/a Kevin Nakamura a/k/a Kevin Northrop (collectively "Defendants"), via electronic mail, pursuant to Federal Rule of Civil Procedure 4(f)(3).

Such application is made upon the ground that Chanel has not been able to locate the Defendants despite reasonable diligence, because the Defendants are purposefully concealing their location, and thus Chanel has been unable to serve them in any other manner as allowed under the Federal Rules and/or the California Code of Civil Procedure. As shown by the Complaint on file herein (Docket No. 1) a cause of action for damages exists against the Defendants.

Such application is based upon this Application, the Memorandum of Points and Authorities hereto, the Declarations of Stephen M. Gaffigan, Huang Yu Ting, and Robert Holmes, and exhibits thereto, filed concurrently herewith, and the complete files and records of this action, and such other matters as we may call to the Court's attention at or before the time of the hearing

Dated:  November 24, 2009                          KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP


By: _____/S/_____
      Anne E. Kearns
      Attorneys for Plaintiff CHANEL, INC.

1

# TABLE OF CONTENTS

PAGE(S)

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

I. NOTICE ................................................................................................................. 1

II. INTRODUCTION ................................................................................................. 1

III. STATEMENT OF FACTS ..................................................................................... 2

    A. Defendants Are Engaged in Illegal Activities Within This District. .......................... 2

    B. Defendants Have Purposefully Falsified Their Public Physical Address Data But Have Provided Valid E-mail Addresses. ....................................... 3

        1. Defendant Xiuyin Lin's Registration Data for the Domain Names Knockoffpurses.in, Replicarolex.in, Replicahandbags.in, Watch-Replica.com, and Copiedhandbags.com. .................................................. 4

        2. Defendant Shiguan Wang's Registration Data for the Domain Names Replica-Handbags.biz and Urbannity.com. ...................................... 6

        3. Defendant Zhongxioubin's Registration Data for the Domain Names New-Fashionshow.com, New-Fashion.org, and Watchesinshop.com. .................................................................. 8

        4. Defendants' Registration Data for the Domain Names Buytiffany.com, Copyhandbagstore.com, Designershoes.bz, Replica-Watches.cc, and Watch-City.net. ...................................... 9

    C. Defendants Rely Solely on Electronic Communications........................................ 11

IV. ARGUMENT ....................................................................................................... 11

    A. The Court may Authorize Service via Electronic Mail Pursuant to Federal Rule  of Civil Procedure 4(f)(3)............................................................... 11

    B. E-mail Service Is Not Prohibited by International Agreement. ............................... 13

    C. E-mail Service Is Not Prohibited by International Law.......................................... 15

V. CONCLUSION..................................................................................................... 15

i

# TABLE OF AUTHORITIES

**Cases**

Brockmeyer v. May,
   383 F.3d 798 (9th Cir. 2004) ........................................................................... 16

Chanel, Inc. v. Bosini,
   Case No. C-09-1972 MHP (August 12, 2009)................................................. 14

Chanel, Inc. v. Dodd,
   Case No. C-09-3958-VRW (N.D. Cal. September 15, 2009).......................... 13

Chanel, Inc. v. Paley,
   Case No. C-09-04979-MHP (N.D. Cal. October 26, 2009)........................... 13

Chanel, Inc. v. Zhang,
   Case No. C-09-1977 MMC (August 27, 2009)............................................... 13

Maclean-Fogg Co. v. Ningbo Fastlink Equipment Co. Ltd.,
   2008 WL 5100414 (N.D. Ill. 2008) ................................................................ 14

Mainstream Media, EC v. Peter Riven, et al.
   Case No. 08-3623 PJH (N.D. Cal., December 12, 2007) ............................... 14

MPS IP Services, Corp. v. Modis Communications, Inc.,
   Case No. 3:06-cv-270-J-20HTS (M.D. Fla. 2006) ................................. 14, 16

Mullane v. Cent. Hanover Bank & Trust Co.,
   339 U.S. 306 (1950)......................................................................................... 13

Nanya Technology Corp.,
   2007 WL 269087 (D. Guam January 26, 2007).............................................. 16

Philip Morris USA, Inc. v. Veles Ltd.,
   2007 U.S. Dist. LEXIS 19780 (S.D.N.Y., Mar. 13, 2007) ...................... 14, 16

Popular Enterprises LLC v. Webcom Media Group, Inc.,
   225 F.R.D. 560 (E.D. Tenn. 2004).............................................................. 13, 16

Rio Properties Inc., v. Rio International Interlink,
   284 F.3d 1007 (9th Cir. 2002) ........................................................... 12, 13, 16

Volkswagonwerk AG v. Schlunk,
   486 U.S. 694 (1988)......................................................................................... 15

Williams v. Advertising Sex LLC,
   231 F.R.D. 483 (N.D. West Va. 2005) ........................................................... 14

Williams-Sonoma, Inc. v. Friend Finder, Inc.,
   2007 WL 4973848 (N.D. Cal. 2007) .............................................................. 14

ii

**Rules**

Cal. Rules of Court Rule 3.1204(b) ................................................................... 1

Civil Local Rule 7-10.................................................................................... 1

Fed. R. Civ. Proc. 4(f)(2) ............................................................................. 5

Fed. R. Civ. Proc. 4(f)(3) .......................................................................... 1, 5

**Treatises**

20 U.S.T. 361 (U.S.T. 1969).......................................................................... 7

iii

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    NOTICE**

As explained in detail below and in the accompanying Declaration of Stephen M. Gaffigan, counsel for Plaintiff Chanel, Inc. ("Chanel" or "Plaintiff"), and Declarations of Huang Yu Ting and Robert Holmes, Plaintiff is unable to locate the Defendants who are the subject of this *Ex Parte* Application. Civil Local Rule 7-10 allows an *ex parte* application as long as the application is permitted by another statute or rule. Here, California Rules of Court Rule 3.1204(b) permits an application for an *ex parte* order to proceed without notice upon a showing that the applicant in good faith attempted to inform the opposing party but was unable to do so. Because Plaintiff has not been able to locate the Defendants, Plaintiff has resorted to filing this *Ex Parte* Application for an order authorizing service of the Summons and Complaint in this matter upon the Defendants via electronic mail ("e-mail").

Notwithstanding Plaintiff's inability to locate the Defendants, Plaintiff will, in good faith, be e-mailing a filed copy of this *Ex Parte* Application and supporting papers via the e-mail addresses the Defendants provided to their Registrars and listed on the associated website, which e-mail addresses are valid.

**II.    INTRODUCTION**

Plaintiff is suing Defendants Xiuyin Lin, Shiguan Wang, and Zhongxioubin, individually and jointly a/k/a Joey Van a/k/a Kevin Nakamura a/k/a Kevin Northrop (collectively "Defendants") for federal trademark infringement and counterfeiting and false designation of origin. As alleged in Chanel's Complaint, the Defendants and various associates are promoting, selling, offering for sale and distributing counterfeit and infringing Chanel branded products within this Judicial District through at least the fully interactive commercial Internet websites operating under the domain names: copiedhandbags.com, copyhandbagstore.com, designershoes.bz, buytiffany.com, new-fashion.org, new-fashionshow.com, urbannity.com, watchesinshop.com, knockoffpurses.in, replica-handbags.biz, replicahandbags.in, replica-watches.cc, replicarolex.in, watch-city.net and watch-replica.com (the "Subject Domain Names").

1

---

*EX PARTE* APPLICATION FOR ORDER AUTHORIZING ALTERNATE SERVICE OF
PROCESS ON DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. CV 09 4996 JCS

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff requests an order allowing service of process on the Defendants via electronic mail. E-mail service is appropriate and necessary in this case, because the Defendants (1) operate anonymously via the Internet using false physical address information in their Subject Domain Name registrations in order to conceal their location and avoid liability for their unlawful conduct and (2) rely solely on electronic communications to operate their business. Notwithstanding the Defendants' concealment of their physical location, Chanel still has the ability to contact the Defendants directly and provide notice of Chanel's claims against them.  Specifically, the e-mail addresses listed by the Defendants in the WHOIS records for the Subject Domain Names and on the associated website have been determined to be current and reliable means by which the Defendants may be apprised of the pendency of this action. Chanel respectfully submits that an order allowing service of process and all subsequent pleadings and discovery via e-mail in this case will benefit all parties and the Court by ensuring the Defendants receive immediate notice of the pendency of this action and allowing this action to move forward expeditiously. Absent the ability to serve the Defendants by e-mail, Chanel will almost certainly be left without the ability to pursue a remedy.

## III.    STATEMENT OF FACTS

### A.    Defendants Are Engaged in Illegal Activities Within This District.

The Defendants jointly own and operate the Internet websites existing under the Subject Domain Names. Through their websites, the Defendants are offering for sale and selling counterfeit products, including, at least, handbags, wallets, belts, key chains, shoes and boots, jewelry and watches, bearing trademarks which are exact copies of the Chanel trademarks identified in Paragraph 11 of the Complaint (the "Counterfeit Goods"). (See true and correct copies of the relevant web pages from the Defendants' Internet websites operating under the Subject Domain Names ("Defendants' Websites") attached as Exhibit 2 to the Declaration of Stephen M. Gaffigan in Support of Plaintiff's *Ex Parte* Application For Order Authorizing Alternate Service of Process on Defendants Pursuant To Federal Rule Of Civil Procedure 4(f)(3) ("Gaffigan Decl."), filed herewith.) The Defendants' website are visibly advertising and offering for sale their Counterfeit Goods within

2

all Judicial Districts, including the Northern District of California. The Registry responsible for the top level domain name at issue in this action is VeriSign, Inc., 487 East Middlefield Road, Mountain View, California 94043.

**B.**   **Defendants Have Purposefully Falsified Their Public Physical Address Data But Have Provided Valid E-mail Addresses.**

According to regulations established by the Internet Corporation for Assigned Names and Numbers ("ICANN"), an individual or entity which registers a domain name is required to provide accurate contact information for the domain name. (See ICANN Uniform Domain Name Dispute Resolution Policy ¶ 2 attached as Ex. 5 to the Gaffigan Decl.) As demonstrated below, the Defendants have ignored the applicable ICANN regulations and provided false physical address information to their domain name registrars in order to avoid liability for their criminal conduct. However, out of necessity, the Defendants have provided accurate e-mail address contact information to their domain name registrars.[1] As a practical matter, the Defendants must generally maintain an accurate e-mail address where their Registrars may communicate with them regarding issues related to the purchase, transfer, and maintenance of their account. Similarly, the Defendants maintain and publish accurate customer service e-mail addresses for their websites, which they must do in order to communicate with their customers.

Chanel conducted WHOIS searches regarding the Subject Domain Names identifying the addresses the Defendants provided the Registrar. (See Gaffigan Decl. ¶ 3 and Exhibit 1 attached thereto, WHOIS searches regarding the Subject Domain Names; see also Declaration of Robert Holmes in Support of Plaintiff's *Ex Parte* Application For Order Authorizing Alternate Service of Process on Defendants Pursuant To Federal Rule Of Civil Procedure 4(f)(3) ("Holmes Decl.") ¶ 4, filed herewith.) The contact data from the relevant WHOIS records identifying the Defendant Registrants and their purported physical and email addresses is set forth below. Chanel's counsel

---

[1] The contact email address provided in the Registrant contact section of the WHOIS records for the domain names new-fashionshow.com, new-fashion.org.com and watchesinshop.com is currently non-operational.

3

requested its United States based private investigator, Robert Holmes ("Holmes") and Huang Yu

Ting ("Ting"), an investigator in China, verify the accuracy of the physical contact addresses and

research alternative addresses for Defendants.

### 1. Defendant Xiuyin Lin's Registration Data for the Domain Names Knockoffpurses.in, Replicarolex.in, Replicahandbags.in, Watch-Replica.com, and Copiedhandbags.com.

In the WHOIS data reports, Defendant Xiuyin Lin lists his physical address for the domain

name replicarolex.in as "No. 32, Shangsan Road, Cangshan District, Fuzhou, 350007 CN;" the

domain name watch-replica.com as "No. 32  Shangsan Road, Cangshan District Fuzhou, 350007

350007 China;" the domain name knockoffpurses.in as "No. 32, Shangsan Road, Cangshan District,

Fuzhou, Fuzhou, 35110 CN;" and the domain name replicahandbags.in as "No. 32, Shangsan Road,

Cangshan District, Fuzhou 351100 CN." (See Holmes Decl. ¶ 4; see also Exhibit 1 to the Gaffigan

Decl., WHOIS data reports for the domain names replicarolex.in, watch-replica.com,

knockoffpurses.in, and replicahandbags.in.) Ting analyzed the above addresses provided by

Defendant Xiuyin Lin and determined the addresses are not valid. (See Ting Decl. ¶ 4.) Specifically,

the listed street address for the domain names, "No. 32 on Shangsan Road," is actually the address

for Fujian Normal University, a large complex with many buildings. (Id.) Additionally, "35110" and

"351100" are identified as the postal codes in the physical address data for the domain names

knockoffpurses.in and replicahandbags.in, which are supposedly in Fuzhou, CN. (Id.) However, the

proper postal code for "No. 32, Shangsan Road, Cangshan District, Fuzhou" is 350007. (Id.)

In the WHOIS data reports for the domain name copiedhandbags.com, Defendant Xiuyin Lin

lists his physical address as "9 alicia way wickford, Yukon Territory 350007 China." (See Holmes

Decl. ¶ 4; see also Exhibit 1 to the Gaffigan Decl., WHOIS data report for the domain name

copiedhandbags.com.) Ting analyzed the above address provided by Defendant Xiuyin Lin and

determined the address is not a valid address. (See Ting Decl. ¶ 4.)  Specifically, there is no such city

and/or province named "Wickford" or "Yukon Territory" in China. (Id.) Ting and Holmes conducted

investigations of Defendant Xiuyin Lin and his operations through multiple online databases. (See

Ting Decl. ¶ 11; Holmes Decl. ¶ 15.) However, Ting and Holmes were each unable to identify a valid physical address for service of process on Defendant Xiuyin Lin. (See Ting Decl. ¶ 11; Holmes Decl. ¶ 15.)

The evidence makes it clear that Defendant Xiuyin Lin intentionally falsified his physical address data in violation of ICANN's rules.[2] Based on Defendant Xiuyin Lin's provision of invalid postal addresses and Chanel's inability to find another physical address for him, Chanel cannot serve Defendant Xiuyin Lin by traditional means.

Despite falsifying his physical contact address data, Defendant Xiuyin Lin has provided accurate email address information to the domain name registrars for the domain names replicarolex.in, watch-replica.com, knockoffpurses.in, replicahandbags.in, and copiedhandbags.com, and on his associated websites. Specifically, Defendant Xiuyin Lin lists his contact email addresses for the above domain name registrations and associated websites as dsalemanager@gmail.com and powerseller@foxmail.com.[3] (See Holmes Decl. ¶ 4; see also WHOIS data reports attached as Exhibit 1 to the Gaffigan Decl. and Defendants' Websites attached as Exhibit 2 to the Gaffigan Decl.) On October 5, 2009 and November 16, 2009, Holmes sent pretextual e-mails to Defendant Xiuyin Lin via the e-mail addresses dsalemanager@gmail.com and powerseller@foxmail.com. (See Holmes Decl. ¶¶ 9-10.)  The e-mails were not returned as "undeliverable" thereby demonstrating the emails were received and the email addresses are valid and operational. (Id.)  Under ordinary circumstances when an email is sent to an invalid address or cannot be received, the email is bounced back to the issuer. (Id.)  Additionally, on October 5, 2009 and November 16, 2009, Holmes received verified "Return Receipts" for the emails sent to Defendant Xiuyin Lin via dsalemanager@gmail.com and powerseller@foxmail.com, thereby further and conclusively demonstrating the emails were

---

[2] Ting also attempted to contact Defendant Xiuyin Lin at 86.275008, 86.62750089, 86.26750089, and 64.7937580, the phone numbers provided by Defendant Xiuyin Lin in the Registrant contact section of the WHOIS records for the domain names knockoffpurses.in, watch-replica.com, copiedhandbags.com, replicarolex.in, and replicahandbags.in. However, Ting's attempts to contact Defendant Xiuyin Lin were unsuccessful as the phone numbers are invalid. (See Ting Decl. ¶ 6.)

[3] The Internet website operating under the domain name copiedhandbags.com does not list any customer service email address.

5

1    delivered to the recipient and confirming the reliability of the email addresses. (See Holmes Decl. ¶¶

2    9-10 and Exhibits 2 and 3 attached thereto.) Moreover, Holmes received a Read Notification via

3    ReadNotify.com for the e-mail he sent to the e-mail address dsalemanager@gmail.com

4    demonstrating the e-mail was opened on November 16, 2009 at 18:17:11 pm (UTC -800). The e-

5    mail was opened with the IP address, 58.22.141.167, and the origin of the recipient was identified as

6    Putian, Fujian, China. (See Holmes Decl. ¶ 9 and Exhibit 2 attached thereto.)

7           **2.      Defendant Shiguan Wang's Registration Data for the Domain Names**

8                      **Replica-Handbags.biz and Urbannity.com.**

9           In the WHOIS data reports, Defendant Shiguan Wang lists his physical address for the

10   domain name replica-handbags.biz as "No. 32, Shangsan Road, Cangshan District, Fuzhou, Fujian

11   350007 China." (See Holmes Decl. ¶ 4; see also Exhibit 1 to the Gaffigan Decl., WHOIS data

12   reports for the domain name replica-handbags.biz.) Ting analyzed the above address provided by

13   Defendant Shiguan Wang and determined the address is not valid. (See Ting Decl. ¶ 7.) Specifically,

14   as stated above, the listed street address for the domain name "No. 32, Shangsan Road, Cangshan

15   District, Fuzhou, Fujian 350007 China" is actually the address for Fujian Normal University, a large

16   complex with many buildings. (Id.)

17          In the WHOIS data reports for the domain name urbannity.com, Defendant Shiguan Wang

18   lists his physical address as "RM205, Fengda Shanzhuang, Chengxiang, putian, Fujian 351100."

19   (See Holmes Decl. ¶ 4; see also Exhibit 1 to the Gaffigan Decl., WHOIS data report for the domain

20   name urbannity.com.) Ting analyzed the above address provided by Defendant Shiguan Wang and

21   determined the address is not a valid address.  (See Ting Decl. ¶ 7.)  Specifically, the address does

22   not identify a numerical street address or building number. (Id.) A valid address in Fuzhou must

23   have a street address or building number. (Id.) Ting and Holmes conducted investigations of

24   Defendant Shiguan Wang and his operations through multiple online databases. (See Ting Decl. ¶

25   11; Holmes Decl. ¶ 15.)  However, Ting and Holmes were each unable to identify a valid physical

26   address for service of process on Defendant Shiguan Wang. (Ting Decl. ¶ 11; Holmes Decl. ¶ 15.)

27

28                                                      6

The evidence makes it clear that Defendant Shiguan Wang intentionally falsified his physical address data in violation of ICANN's rules.[4]  Based on Defendant Shiguan Wang's provision of invalid postal addresses and Chanel's inability to find another physical address for him, Chanel cannot serve Defendant Shiguan Wang by traditional means.

Despite falsifying his physical contact address data, Defendant Shiguan Wang has provided accurate email address information to the domain name registrars for the domain names replica-handbags.biz and urbannity.com, and on his associated websites. Specifically, Defendant Shiguan Wang lists his contact email addresses for the above domain name registrations and associated websites as powerseller@foxmail.com, 281038390@qq.com and dsalemanager@gmail.com. (See Holmes Decl. ¶ 4; see also WHOIS data reports attached as Exhibit 1 to the Gaffigan Decl. and Defendants' Websites attached as Exhibit 2 to the Gaffigan Decl.)  On October 5, 2009 and November 16, 2009, Holmes sent pretextual e-mails to Defendant Shiguan Wang via the e-mail addresses dsalemanager@gmail.com and powerseller@foxmail.com. (See Holmes Decl. ¶¶ 9-10.) As discussed above, Holmes received verified "Return Receipts" for the emails he sent to dsalemanager@gmail.com and powerseller@foxmail.com, demonstrating the e-mails were delivered to the recipient and confirming the email addresses are valid and operational. (See Holmes Decl. ¶¶ 9-10 and Exhibits 2 and 3 thereto.)  Additionally, Holmes received a Read Notification via ReadNotify.com for the e-mail he sent to the e-mail address dsalemanager@gmail.com demonstrating the e-mail was opened on November 16, 2009 at 18:17:11 pm (UTC -800), and that the location of the recipient was Putian, Fujin, China. (See Holmes Decl. ¶ 9 and Exhibit 2 attached thereto.)

On November 23, 2009, Holmes sent a pretextual e-mail to Defendant Shiguan Wang via the e-mail address 281038390@qq.com. (See Holmes Decl. ¶ 14.) The e-mail was not returned as "undeliverable" thereby demonstrating the email was received and the email address is valid and

---

[4] Ting also attempted to contact Defendant Shiguan Wang at 86.647937580, the phone number provided by Defendant Shiguan Wang in the Registrant contact section of the WHOIS record for the domain name replica-handbags.biz. However, Ting's attempts to contact Defendant Shiguan Wang were unsuccessful as the phone number is invalid. (See Ting Decl. ¶ 9.)

7

operational. (Id.) Moreover, on November 23, 2009, Holmes received verified "Return Receipt" for the email sent to Defendant Shiguan Wang via 281038390@qq.com, thereby further and conclusively demonstrating the email was delivered to the recipient and confirming the reliability of the email address. (See Holmes Decl. ¶ 14 and Exhibit 7 attached thereto.)

### 3. Defendant Zhongxioubin's Registration Data for the Domain Names New-Fashionshow.com, New-Fashion.org, and Watchesinshop.com.

In the WHOIS data reports, Defendant Zhongxioubin lists his physical address for the domain names new-fashionshow.com and new-fashion.org as "gongdongzijinxian27hao, zijin, CN 100001 CN," and the domain name watchesinshop.com as "gongdongzijinxian27hao, zijin, Guangdong, China 100001." (See Holmes Decl. ¶ 4; see also Exhibit 1 to the Gaffigan Decl., WHOIS data reports for the domain names new-fashionshow.com, new-fashion.org and watchesinshop.com.)  Ting analyzed the above addresses provided by Defendant Zhongxioubin and determined the addresses are not valid. (See Ting Decl. ¶ 10.) Specifically, the addresses do not identify a street name in Zijin. (Id.)  A valid address in Zijin must have a street name. Additionally, 100001 is identified as the postal code in the physical address data for the domain names, which is supposedly in Zijin, China. However, the proper postal code for Zijin is 517400. (Id.) Ting and Holmes conducted investigations of Defendant Zhongxioubin and his operations through multiple online databases. (See Ting Decl. ¶ 11; Holmes Decl. ¶ 14.) However, Ting and Holmes were each unable to identify a valid physical address for service of process on Defendant Zhongxioubin. (See Ting Decl. ¶ 11; Holmes Decl. ¶ 14.)

The evidence makes it clear that Defendant Zhongxioubin intentionally falsified his physical address data in violation of ICANN's rules.[5] Based on Defendant Zhongxioubin's provision of invalid postal addresses and Chanel's inability to find another physical address for him, Chanel cannot serve Defendant Zhongxioubin by traditional means.

---

[5] Holmes attempted to contact Defendant Zhongxioubin at 86.0106443599, the phone number provided by Defendant Zhongxioubin in the Registrant contact section of the WHOIS records for the domain names new-fashionshow.com, new-fashion.org and watchesinshop.com, however his attempts were unsuccessful as the phone number is not a valid phone number. (See Holmes Decl. ¶ 5.)

Despite falsifying his physical contact address data, Defendant Zhongxioubin has provided an accurate contact email address on his website operating under the domain name new-fashionshow.com, <u>sales@maoomart.com</u>. (<u>See</u> Holmes Decl. ¶ 8; <u>see also</u> Defendants' Websites attached as Exhibit 2 to the Gaffigan Decl.)  On November 16, 2009, Holmes sent a pretextual e-mail to Defendant Zhongxioubin via the e-mail address <u>sales@maoomart.com</u>. (<u>See</u> Holmes Decl. ¶ 11.) The e-mail was not returned as "undeliverable" thereby demonstrating the email was received and the email address is valid and operational. (<u>Id.</u>) Moreover, on November 16, 2009, Holmes received verified a "Return Receipt" for the email sent to Defendant Zhongxioubin via <u>sales@maoomart.com</u>, thereby further and conclusively demonstrating the email was delivered to the recipient and confirming the reliability of the email address. (<u>See</u> Holmes Decl. ¶ 11 and Exhibit 4 attached thereto.)

    **4.**    **Defendants' Registration Data for the Domain Names Buytiffany.com, Copyhandbagstore.com, Designershoes.bz, Replica-Watches.cc, and Watch-City.net.**

In the WHOIS data reports, the Defendants list their physical address for the domain name buytiffany.com as "Jl. Mega Kuningan No.2, Jakarta, Selatan, 12950 Indonesia," the domain name replica-watches.cc as "36 Rue Rene Milliard V-D-C Noumea, 98846 New Caledonia," and the domain name watch-city.net as "65 longacres, bridgend, bridgend cf31 2dd United Kingdom."[6] (<u>See</u> Holmes Decl. ¶ 4; <u>see also</u> Exhibit 1 to the Gaffigan Decl., WHOIS data reports for the domain names buytiffany.com, replica-watches.cc, and watch-city.net.)  Holmes analyzed the above addresses provided by the Defendants and determined the addresses are not valid. (<u>See</u> Holmes Decl. ¶¶ 6-7.) Specifically, the physical address and telephone number listed in the WHOIS record for the domain name buytiffany.com is actually the address and telephone number for Embassy of the People's Republic of China in the Republic of Indonesia. (<u>See</u> Holmes Decl. ¶ 6 and Exhibit 1

---

[6] The WHOIS record for the domain name copyhandbagstore.com lists the Registrant as anonymous though Private Whois Service. The WHOIS record for the domain name designershoes.bz does not list the Registrant's contact data. (<u>See</u> Exhibit 1 to the Gaffigan Decl., WHOIS records for the domain names copyhandbagstore.com and designershoes.bz.)

9

attached thereto.) Additionally, the physical address listed in the WHOIS record for the domain name replica-watches.cc identifies the postal code as 98846, however, the proper postal codes for addresses located on "Rue Rene Milliard" in VDC, Noumea, New Caledonia is 98800. (See Holmes Decl. ¶ 7.)

The evidence makes it clear the Defendants intentionally falsified their physical address data in the registration record for the domain names buytiffany.com, replica-watches.cc, and watch-city.net, in violation of ICANN's rules. However, the Defendants have provided accurate email address information to the domain name registrars for the domain names buytiffany.com, copyhandbagstore.com,[7] replica-watches.cc, and watch-city.net, and on their associated websites including the website operating under the domain name designershoes.bz.[8]  Specifically, the Defendants list their contact email addresses for the above domain name registrations and associated websites as d5k8ld44ad6824141313@pop2kzu4ad658bc198ba.privatewhois.net, 61961697@qq.com, powerseller@foxmail.com, and dsalemanager@gmail.com.[9]  (See Holmes Decl. ¶ 4; see also WHOIS data reports attached as Exhibit 1 to the Gaffigan Decl. and Defendants' Websites attached as Exhibit 2 to the Gaffigan Decl.)  On November 16, 2009, Holmes sent a pretextual e-mail to the Defendants via the e-mail address 61961697@qq.com. (See Holmes Decl. ¶ 12.) The e-mail was not returned as "undeliverable" thereby demonstrating the email was received and the email address is valid and operational. (Id.) Additionally, on November 16, 2009, Holmes received verified a "Return Receipt" for the email he sent to the Defendants via 61961697@qq.com, thereby further and conclusively demonstrating the emails were delivered to the recipients and

---

[7] The WHOIS record for the domain name copyhandbagstore.com expressly instructs the public to "Contact the owner by email only." (See Exhibit 1 to the Gaffigan Decl., WHOIS record for the domain name copyhandbagstore.com.)

[8] The WHOIS record for the domain name designershoes.bz does not list the Registrant's contact data. However, the associated website lists the contact e-mail address as dsalemanager@gmail.com. (See Exhibit 1 to the Gaffigan Decl., WHOIS record for the domain name designershoes.bz.)

[9] As discussed above, on October 5, 2009 and November 16, 2009, Holmes sent pretextual e-mails to the Defendants via the e-mail addresses dsalemanager@gmail.com and powerseller@foxmail.com and received verified "Return Receipts" for the emails, demonstrating the emails were delivered to the recipient and verifying the email addresses are valid and operational. (See Holmes Decl. ¶¶ 9-10 and Exhibit 2 and 3 thereto.)

10

confirming the reliability of the email addresses. (See Holmes Decl. ¶ 12 and Exhibit 5 attached thereto.)  Moreover, Holmes received a Read Notification via ReadNotify.com for the e-mail he sent to the e-mail address 61961697@qq.com demonstrating the e-mail was opened on November 17, 2009 at 02:38:32 a.m. (UTC -800). The e-mail was opened with the IP address, 58.22.142.156, and the origin of the recipient was identified as Putian, Fujian China. (Id.)

On November 16, 2009, Holmes sent a pretextual e-mail to the Defendants via the e-mail address d5k8ld44ad6824141313@pop2kzu4ad658bc198ba.privatewhois.net. (See Holmes Decl. ¶ 13.)  The e-mail was not returned as "undeliverable" thereby demonstrating the email was received and the email address is valid and operational. (Id.) Moreover, on November 16, 2009, Holmes received a verified "Return Receipt" for the email he sent to the Defendants via d5k8ld44ad6824141313@pop2kzu4ad658bc198ba.privatewhois.net, thereby further and conclusively demonstrating the email was delivered to the recipients and confirming the reliability of the email address. (See Holmes Decl. ¶ 13 and Exhibit 6 attached thereto.)

### C.    Defendants Rely Solely on Electronic Communications.

The Defendants have structured their websites so that the sole means for customers to purchase the Counterfeit Goods at issue is by placing an order over the Internet. The Contact Information listed on the websites operating under the Subject Domain Names list only e-mail addresses. (See Defendants' Websites attached as Exhibit 1 to the Gaffigan Decl.) The Defendants instruct customers to contact them via various customer service e-mail addresses with any questions or concerns. (Id.)  However, the Defendants do not provide any valid physical address on their websites where customers can contact them or locate their business. (Id.)

## IV.    ARGUMENT

### A.    The Court may Authorize Service via Electronic Mail Pursuant to Federal Rule of Civil Procedure 4(f)(3).

Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement as the Court directs.  Rio Properties Inc., v. Rio International Interlink, 284 F.3d 1007, 1014 (9th Cir. 2002). The plain language of Rule 4(f)(3)

reflects that the decision to issue an order allowing an alternate means of service lies within the sole

discretion of the District Court. Id. at 1116.  Rule 4 does not require that a party attempt service of

process by those methods enumerated in Rule 4(f)(2), including by diplomatic channels and letters

rogatory, before petitioning the court for alternative relief under Rule 4(f)(3). Id. at 1114-15. Indeed,

alternative service under 4(f)(3) is available "without first attempting service by other means." Id. at

1115. As the Ninth Circuit explained in Rio Properties:

> By all indications, court-directed service under Rule 4(f)(3) is as favored as
> service available under Rule 4(f)(1) or Rule 4(f)(2). Indeed, Rule 4(f)(3) is one of
> three separately numbered subsections in Rule 4(f), and each subsection is
> separated from the one previous merely by the simple conjunction "or." Rule
> 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other
> subsections; it stands independently, on equal footing. Moreover, no language in
> Rules 4(f)(1) or 4(f)(2) indicates his primacy, and certainly Rule 4(f)(3) includes
> no qualifiers or limitations which indicate its availability only after attempting
> service of process by other means.

> * * *

> Thus, examining the language and structure of Rule 4(f) and the accompanying
> advisory committee notes, we are left with the inevitable conclusion that service
> of process under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief." It
> is merely one means among several which enables service of process on an
> international defendant.

Rio Properties 284 F.3d at 1114.

Additionally, the method of service of process "must also comport with constitutional

notions of due process." Id. at 1016. "To meet this requirement, the method of service crafted by the

district court must be 'reasonably calculated, under all the circumstances, to apprise interested

parties of the pendency of the action and afford them an opportunity to present his objections.'" Id.

(citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).  The Ninth Circuit

in Rio Properties held, "without hesitation," that e-mail service of an online business defendant "was

constitutionally acceptable." Rio Properties, 284 F.3d at 1017. The Court concluded "not only that

service of process by e-mail was proper—that is, reasonably calculated to apprise [the defendant] of

the pendency of the action and afford it an opportunity to respond—but in this case, it was the

method of service most likely to reach [the defendant]." Id. The Court reached this conclusion in

part because the defendant conducted its business over the Internet, used e-mail regularly in its

business, and encouraged parties to contact it via e-mail.

12

Similarly, in cases factually similar to this case, a number of Courts have held that alternate forms of service pursuant to Rule 4(f)(3), including e-mail service, are appropriate and may be the only means of effecting service of process "when faced with an international e-business scofflaw." Popular Enterprises LLC v. Webcom Media Group, Inc., 225 F.R.D. 560, 563 (E.D. Tenn. 2004) (allowing e-mail service.  See also Chanel, Inc. v. Paley, Case No. C-09-04979-MHP (N.D. Cal. October 26, 2009) (Order allowing e-mail service); Chanel, Inc. v. Dodd, Case No. C-09-3958-VRW (N.D. Cal. September 15, 2009) (same); Chanel, Inc. v. Zhang, Case No. C-09-1977 MMC (August 27, 2009) (same); Chanel, Inc. v. Bosini, Case No. C-09-1972 MHP (August 12, 2009) (same); Williams-Sonoma, Inc. v. Friend Finder, Inc., 2007 WL 4973848 (N.D. Cal. 2007) (allowing e-mail service); Philip Morris USA, Inc. v. Veles Ltd., 2007 U.S. Dist. LEXIS 19780 (S.D.N.Y., Mar. 13, 2007) (same); Williams v. Advertising Sex LLC, 231 F.R.D. 483 (N.D. West Va. 2005) (same); Maclean-Fogg Co. v. Ningbo Fastlink Equipment Co. Ltd., 2008 WL 5100414 (N.D. Ill. 2008) (holding e-mail and facsimile service appropriate); Mainstream Media, EC v. Peter Riven, et al. Case No. 08-3623 PJH (N.D. Cal., December 12, 2007) (finding e-mail, international mail, and international courier effective service of process); MPS IP Services, Corp. v. Modis Communications, Inc., Case No. 3:06-cv-270-J-20HTS (M.D. Fla. 2006) (allowing Plaintiffs to effect service on Canadian citizen via e-mail, facsimile and regular mail). Chanel submits that allowing e-mail service in the present case is appropriate and comports with constitutional notions of due process, particularly given the Defendants' decision to conduct their illegal Internet based business anonymously.

**B.    E-mail Service Is Not Prohibited by International Agreement.**

As noted in the Declarations of Ting and Holmes, prior to filing this Motion, Chanel diligently investigated the Defendants' addresses, without success. (See Ting Decl. ¶ 11, Holmes Decl. ¶ 15.) Thus, as a result of the Defendants' own efforts to conceal their location, Chanel is unable to determine their physical whereabouts. (Id.) However, Chanel has good cause to suspect the Defendants are resident of China. (See Exhibit 1 to the Gaffigan Decl, WHOIS data record listing contact addresses and phone numbers in China; see also Exhibits 2 and 5 to the Holmes Decl., "Read

13

1  Notifications" for the e-mails sent to the Defendants identifying the location of recipients of the e-

2  mails as Putian, Fujian China.)[10]

3       The United States and the People's Republic of China are both signatories to the Hague

4  Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and

5  Commercial Matters (the "Convention"). (See Gaffigan Decl. ¶ 5 and Exhibit 3 attached thereto,

6  Hague Convention, November 15, 1965, 20 U.S.T. 361, available at http://

7  travel.state.gov/law/info/judicial/judicial_686.html (last visited October 28, 2008) (listing signatory

8  countries). "Compliance with the Convention is mandatory in all cases to which it applies."

9  Volkswagonwerk AG v. Schlunk, 486 U.S. 694, 705 (1988). However, according to Article 1 of the

10  Convention, "[the] convention shall not apply where the address of the person to be served with the

11  document is not known." 20 U.S.T. 361 (U.S.T. 1969). See also BP Products of North America, Inc.

12  v. Dagra, 236 F.R.D. 270, 271 (E.D.Va., 2006) (authorizing service by publication on Pakistani

13  defendant, despite Pakistan's status as Hague Convention member, because "Hague Convention does

14  not apply in cases where the address of the foreign party to be served is unknown"); Popular Enter.,

15  LLC v. Webcom Media Group, Inc., 225 F.R.D. at 562; Philip Morris USA, Inc. v. Veles Ltd., 2007

16  U.S. Dist. LEXIS 19780, *3, n.2 (electronic mail service authorized and the Hague Convention did

17  not apply because, despite physical "addresses" having been provided to Defendant's Registrar, the

18  actual addresses could not be confirmed as valid) As the addresses of the Defendants are unknown,

19  Chanel respectfully submits that the Convention does not apply in this case.

20       Moreover, though it does not expressly authorize e-mail service, the Hague Convention does

21  not preclude e-mail service, and thus, is no bar to court-directed e-mail service under Rule 4(f)(3). In

22  fact, U.S. Courts have routinely authorized international mail and e-mail service notwithstanding the

23

24  [10] Although the Defendants list physical contact address on the WHOIS records for the domain
names replica-watches.cc, buytiffany.com, and watch-city.net as Indonesia, New Caledonia, and

25  United Kingdom, respectively, Plaintiff's investigation has verified the addresses are not valid
contact addresses for the Defendants. Furthermore, Plaintiff's investigation has uncovered no

26  evidence of the Defendants' residing in Indonesia, New Caledonia, and United Kingdom. Therefore,
the laws of Indonesia, New Caledonia, and United Kingdom likely do not apply. In any event, as

27  noted below, "service of process ordered under Rule 4(f) (3) may be accomplished in contravention
of the laws of the foreign country." Rio Properties, 284 F.3d at 1014.

28

1  applicability of the Hague Convention. <u>See</u>, <u>e.g.</u>, <u>Brockmeyer v. May</u>, 383 F.3d 798, 800 (9th Cir.

2  2004) ("We join the Second Circuit in concluding that the Convention ... does not prohibit service of

3  process by international mail"); <u>Nanya Technology Corp.</u>, 2007 WL 269087 (D. Guam January 26,

4  2007) (Hague Convention, to which Japan is a signatory, did not prohibit e-mail service upon

5  Japanese defendant); <u>Popular Enterprises</u>, 225 F.R.D. at 562; <u>MPS IP Services Corp. v. Modis</u>

6  <u>Communications, Inc.</u>, 2007 WL 723841 (Hague Convention, which Canada is a signatory, did not

7  prohibit e-mail service upon Canadian defendants).

8       **C.**     **E-mail Service Is Not Prohibited by International Law.**

9       The Ninth Circuit has stated that "as long as court-directed and not prohibited by an

10  international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in

11  contravention of the laws of the foreign country."  <u>Rio Properties</u>, 284 F.3d at 1014. In this case,

12  however, the law of the People's Republic of China does not appear to prohibit the service of process

13  by e-mail and allows for alternate service means in certain circumstances. (<u>See</u> Gaffigan Decl. ¶ 6

14  and Exhibit 4 attached thereto, "Civil Procedure Law of the People's Republic of China"

15  downloaded by Plaintiff's counsel from Chinacourt.org, a website sponsored by the Supreme

16  People's Court of the PRC.)  For example, Article 80 of the law specifically provides that if direct

17  service of a litigation document proves difficult, … it may be served by post …. Additionally,

18  Article 84 of the law provides that if the whereabouts of a recipient of the service is unknown, or if a

19  document cannot be served by the other methods reflected in the law, a document shall be served by

20  public announcement. (<u>See</u> Exhibit 5 attached to Gaffigan Decl.) Hence, Plaintiff submits that

21  allowing service of process upon the Defendants in this case via e-mail would be consistent with and

22  not prohibited by the Civil Procedure Law of the PRC.

23  **V.**     **CONCLUSION**

24       For the foregoing reasons, Chanel respectfully requests this Court grant the present motion to

25  serve the Summonses and Complaint and all subsequent pleadings and discovery upon Defendants:

26

27

28

Xiuyin Lin by e-mail at electronic mail addresses dsalemanager@gmail.com, powerseller@foxmail.com, d5k8ld44ad6824141313@pop2kzu4ad658bc198ba.privatewhois.net, and 61961697@qq.com;

Shiguan Wang by e-mail at the electronic mail addresses dsalemanager@gmail.com, powerseller@foxmail.com, d5k8ld44ad6824141313@pop2kzu4ad658bc198ba.privatewhois.net; 61961697@qq.com, and 281038390@qq.com; and

Defendant Zhongxioubin by e-mail at the electronic mail addresses sales@maoomart.com, 61961697@qq.com, and d5k8ld44ad6824141313@pop2kzu4ad658bc198ba.privatewhois.net.

Dated:  November 24, 2009                    KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP

By: _____/S/_____
       ANNE E. KEARNS
       Attorneys for Plaintiff Chanel, Inc.

16