IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEL, INC., | No. C 09-04996 SI |
| Plaintiff, | **ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT** |
| v. | |
| XIUYIN LIN, et al., | |
| Defendants. | |

Plaintiff Chanel, Inc. filed this action on October 20, 2009, alleging that defendants Xiuyin Lin, Shiguan Wang, and Zhongxioubin, a/k/a Joey Van, Kevin Nakamura, and Kevin Northrop, infringed and plaintiff's trademarks and engaged in false designation of origin by operating websites selling counterfeit Chanel products, including handbags, wallets, belts, key chains, shoes, boots, jewelry, and watches.

Defendants failed to answer the complaint or otherwise appear in this action, and default was entered on January 7, 2010. On February 22, 2010, plaintiff filed a motion for default judgment. After holding a hearing on the motion on April 16, 2010 and receiving supplemental briefing from plaintiff regarding the court's authority to enter the requested relief, Magistrate Judge Spero issued a Report and Recommendation on May 7, 2010, recommending that plaintiff's motion be granted. The matter was subsequently reassigned to this Court.

The Court has reviewed the Report and Recommendation. The Court hereby ADOPTS the Report and Recommendation in full and GRANTS plaintiff's motion for default judgment. (Docket Nos. 51, 26). The Court orders that default judgment be entered in favor of plaintiff and against defendants as follows:

(1)   Permanent injunctive relief

Defendants and their respective officers, agents, servants, employees and attorneys, and all persons in active concert and participation with them are hereby restrained and enjoined from:

    (a)   manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods using the Chanel Marks;

    (b)   using the Chanel Marks in connection with the sale of any unauthorized goods;

    (c)   using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defendants, copiedhandbags.com, copyhandbagstore.com, designershoes.bz, buytiffany.com, new-fashion.org, new-fashionshow.com, urbannity.com, watchesinshop.com, knockoffpurses.in, replica-handbags.biz, replicahandbags.in, replica-watches.cc, replicarolex.in, watch-city.net, watchreplica.com, louis-vuitton.bz, and breitlingreplica.biz, and/or any other website or business, as being sponsored by, authorized by, endorsed by, or in any way associated with Chanel;

    (d)   engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants, copiedhandbags.com, copyhandbagstore.com, designershoes.bz, buytiffany.com, new-fashion.org, new-fashionshow.com, urbannity.com, watchesinshop.com, knockoffpurses.in, replica-handbags.biz, replicahandbags.in, replica-watches.cc, replicarolex.in, watch-city.net, watch-replica.com, louis-vuitton.bz, breitlingreplica.biz, and/or any other website or business, are in any way endorsed by, approved by, and/or associated with Chanel;

    (e)   using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants, copiedhandbags.com, copyhandbagstore.com, designershoes.bz, buytiffany.com, new-fashion.org, new-fashionshow.com, urbannity.com, watchesinshop.com, knockoffpurses.in, replica-handbags.biz, replicahandbags.in, replica-watches.cc, replicarolex.in, watch-city.net, watch-replica.com, louisvuitton.bz, breitlingreplica.biz, and/or any other website or business, including, without limitation, handbags, wallets, belts, key chains, shoes, boots, jewelry, and/or watches;

    (f)   affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods by Defendants, copiedhandbags.com, copyhandbagstore.com, designershoes.bz, buytiffany.com, new-fashion.org, newfashionshow.com, urbannity.com, watchesinshop.com, knockoffpurses.in, replicahandbags.biz, replicahandbags.in, replica-watches.cc, replicarolex.in, watch-city.net, watch-replica.com, louis-vuitton.bz, breitlingreplica.biz,

      and/or any other website or business, as being those of Chanel or in any way endorsed by Chanel;

 (g) offering such goods in commerce;

 (h) otherwise unfairly competing with Chanel.

 (I) secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distribution, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Chanel Marks; and

 (j) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

(2) Additional equitable relief

 (k) In order to give practical effect to the Permanent Injunction, the domain names copiedhandbags.com, copyhandbagstore.com, designershoes.bz, buytiffany.com, new-fashion.org, new-fashionshow.com, urbannity.com, watchesinshop.com, knockoffpurses.in, replica-handbags.biz, replicahandbags.in, replica-watches.cc, replicarolex.in, watch-city.net, watch-replica.com, louis-vuitton.bz, and breitlingreplica.biz are hereby ordered to be immediately transferred by Defendants, their assignees and/or successors in interest or title to Plaintiff's control. To the extent the current Registrars do not facilitate the transfer of the domain names to Plaintiff's control within ten (10) days of receipt of this judgment, the Registries and/or their agents shall, within thirty (30) days, transfer the domain names to a United States based Registrar of Plaintiff's choosing, and that Registrar shall transfer the domain names to Plaintiff; and

 (l) Upon Plaintiff's request, the top level domain (TLD) Registries for the Subject Domain Names, within thirty (30) days of receipt of this Order shall place the Subject Domain Names on Registry Hold status, thus removing them from the TLD zone files maintained by the Registries which link the Subject Domain Names to the IP address where the associated websites are hosted.

(3) Statutory damages: $456,000.00.

(4) Costs of suit: $700.00.

**IT IS SO ORDERED.**

Dated: June 21, 2010

_____
SUSAN ILLSTON
United States District Judge

3